UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE UNITED STATES OF AMERICA,

v.

THOMAS J. BARNES,

                Defendant.

_____

REPORT, RECOMMENDATION AND ORDER

09-CR-00374(S)(M)

This case was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings in accordance with 28 U.S.C. §363(b)(1) [8].[1] Before me are defendant's pretrial motions to dismiss the indictment, for discovery, and for a bill of particulars [18]. Oral argument was held on June 1, 2010. For the following reasons, I recommend that defendant's motion for dismissal of the indictment be denied, and order that defendant's motion for discovery and for a bill of particulars be denied as moot.

**BACKGROUND**

The government alleges that defendant, the owner of Franbilt, Inc., failed to pay over employee contributions to the Franbilt 401K plan, and misappropriated and converted money from the plan for his own use, in violation of 18 U.S.C. §664. Indictment [1]. Defendant argues that the indictment should be dismissed for defects in the grand jury proceeding due to excessive reliance on hearsay, in the interests of justice, and for vindictiveness. He also moves to compel discovery and seeks a bill of particulars.

---

[1]     Bracketed references are to the CM/ECF docket entries.

## ANALYSIS

A.  **The Grand Jury Proceedings Were Not Defective**

Defendant argues that the indictment against him should be dismissed because the proceedings before the grand jury were defective due to "excessive reliance on hearsay and unsubstantiated financial information, summary testimony". Defendant's motion [18], p. 3. Defendant also states that the grand jury was not informed of the actual uses of the money allegedly converted. Id. The government responds that hearsay is permitted in federal grand jury proceedings, and that numerous fact witnesses, who provided direct non-hearsay testimony, were presented to the grand jury. Government's response [21], p. 6-7.

It is well established that the use of hearsay testimony before a grand jury is permissible. "An indictment may stand, *even* where all of the evidence presented to the grand jury was hearsay." United States v. Torres, 1994 WL 48820, *1 (S.D.N.Y. 1994) (*citing* Costello v. United States, 350 U.S. 359, 363 (1956) (emphasis in original), aff'd, 48 F. 3d 1214 (2d Cir. 1994). *See also* Fed. R. Evid. 1101(d)(2).

The use of hearsay testimony before a grand jury is inappropriate "only when the prosecutor misleads the grand jury into thinking it is getting first-hand testimony when it is really receiving hearsay, . . . or where there is a high probability that if eyewitness rather than hearsay testimony had been used, the defendant would not have been indicted". United States v. Dyman, 739 F. 2d 762, 767 (2d Cir. 1984), cert. denied, 469 U.S. 1193 (1985). Defendant does not claim that the prosecutor mislead the jury into thinking that it was getting first-hand testimony, or that he would not have been indicted if eyewitness testimony had been used in grand jury

proceedings. Since defendant fails to established any legitimate basis for dismissal of this count, I recommend that this aspect of defendant's motion be denied.

B.     **There has Been No Showing of a Vindictive Prosecution.**

Defendant argues that the indictment should be dismissed because it is the result of a vindictive prosecution in violation of the defendant's right to due process of law. Defendant's motion [18], p. 2-3. Defendant states that the Department of Labor "sought retaliatory criminal sanctions, taking advantage of their heavy influence with the U.S. Attorney's office, to use the U.S. Attorney's Office against him." Id. In support of his claim, defendant alleges that the actions taken by the Department of Labor in this case are contrary to its preferred practice of settling similar claims before instituting civil proceedings. Id., p. 3. In response, the government argues that the defendant fails to cite to the Department of Labor's policy of settling cases, and generally fails to set forth any basis to make this claim. Government's response [21], p. 5-6.

"The decision as to whether to prosecute generally rests within the broad discretion of the prosecutor", and the prosecutor's pretrial charging decision is presumed to be legitimate. United States v. White, 972 F. 2d 16, 18-19 (2d Cir.), cert. denied, 506 U.S. 1026 (1992). To establish a claim of vindictive prosecution, an individual must establish that he is being prosecuted solely for exercising a constitutional right. *See* United States v. Saunders, 211 F. 3d 711, 716 (2d Cir.), cert. denied, 531 U.S. 1015 (2000). Specifically, the defendant must demonstrate that "(1) the prosecutor harbored a genuine animus toward the defendant, or was

prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) he would not have been prosecuted except for the animus". United States v. Koh, 199 F. 3d 632, 640 (2d Cir. 1999), cert. denied, 530 U.S. 1222 (2000). "The defendant must show that the circumstances of a case establish a 'realistic likelihood' of such vindictiveness." United States v. King, 126 F. 3d 394, 397 (2d Cir. 1997), cert. denied, 523 U.S. 1024 (1998).

Defendant makes no such showing. While he relies on the Department of Labor's preferred practice of settling in his case, he offers no citation to this practice and no case law precluding it from deviating from this practice. Because defendant has not established a "realistic likelihood" that the government has acted with vindictiveness in prosecuting him, I recommend that this aspect of defendant's motion be denied.

C.     **The Court Has No Authority to Dismiss the Indictment in the Interests of Justice.**

Defendant asks that I dismiss the indictment because "the relevant status [*sic*] and regulations are being unfairly enforced." Defendant's motion [18], p. 2. However, "under the separation of powers, the executive branch, rather than the judiciary, retains the power to dismiss prosecutions on other than strict grounds of insufficiency in law". United States v. Lai Ming Tanu, 589 F.2d 82, 86-7 (2d Cir. 1978). A court "does not have power to Dismiss an indictment that is legally sufficient under the test of Rule 29, simply because it deems the dismissal to be in the interests of justice". Id. at 86. Therefore, I recommend that this aspect of defendant's motion be denied.

D.  **Defendant's Motion to Compel is Moot.**

During oral argument, defendant acknowledged that the government has provided him with the requested Rule 16 discovery. Therefore, I order that this aspect of defendant's motion be denied as moot.

E.  **Defendant's Request for a Bill of Particulars is Moot.**

Defendant moves for a bill of particulars, seeking the specific acts of which he is accused. Defendant's motion [18], p. 14. The government responds that it is not required to preview its evidence, and that defendant seeks evidentiary detail, as well as "when", "where," and "with whom" information, that is not the subject of proper disclosure for a bill of particulars. Government's response [21], pp. 8-9.

At oral argument, defendant explained that his need for a bill of particulars stems from his concern that the government will change its position and/or theory at trial. In response, AUSA Aaron Mango stated that the government's theory of the case is that "between April 15, 2005 and January 29, 2007, Mr. Barnes did not forward the funds which belonged to the Franbilt 401K plan to the plan administrator", adding that "those funds were then used in other means and for other purposes by the defendant in violation of [the] statute". He further stated that the government's theory will not change at trial.

Since the government will be bound by its attorney's representations on the record, a bill of particulars is not necessary. United States v. Moran, 349 F. Supp.2d 425, 470-71 (N.D.N.Y. 2005) ("Clearly the government has made sufficient disclosure . . . to inform

[defendant] of the specific acts of which he is accused and make a bill of particulars unnecessary"). Therefore, I order that this aspect of defendant's motion be denied as moot.

**CONCLUSION**

For these reasons, I recommend that defendant's motions to dismiss [18] be denied, and order that defendant's motion for discovery and for a bill of particulars be denied as moot.

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by June 28, 2010 (applying the time frames set forth in Fed. R. Crim. P 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision." Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply

with the provisions of Rule 58.2(a)(3) may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED:	June 11, 2010

/s/ Jeremiah J. McCarthy
Jeremiah J. McCarthy
United States Magistrate Judge
